# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

WILLIE HERNANDEZ FLEMING #58277-037:

    Plaintiff                    :

    v.                       : CIVIL ACTION NO. RDB-16-1412

DEPARTMENT OF PUBLIC SAFETY and  :
  CORRECTIONAL SERVICES ("DPSCS")[1]
BALTIMORE CITY DETENTION CENTER  :
RICKY FOXWELL
MRS. FISHER, Warden, Maryland Reception  :
  Diagnostic Classification Center (MRDCC")
MRS. MIDDLETON, State's Attorney  :
  Baltimore City
LT. DEPREE (Intel)  :
LT. THOMPSON, Baltimore City Jail
GARY D. MAYNARD, Secretary of DPSCS  :
HOWARD RAY, JR., Commissioner of
  Pretrial  :
CAROLYN A. ATKINS, Director Detention
                         :

    Defendants

## MEMORANDUM OPINION

Willie Hernandez Fleming, a federal prisoner,[2] alleges in a civil rights Complaint filed May 10, 2016, that he was assaulted on three occasions while detained in Maryland state facilities awaiting trial.[3]   ECF 1.   To date, five of the nine Defendants named in the Complaint have been served and have responded, filing a Motion to Dismiss or for Summary Judgment (ECF 12), which is opposed by Fleming.  ECF 15.   After considering the pleadings, exhibits, and applicable law, the Court now rules pursuant to Local Rule 105.6 (D. Md. 2016), as a

---

[1] The Clerk shall amend the docket to reflect the proper name of this Defendant.

[2] Fleming, currently incarcerated at the Federal Correctional Institution-Hazelton in Bruceton Mills, West Virginia, is serving a 137-month sentence commencing November 11, 2013, following his conviction for conspiracy to commit a Hobbs Act robbery. *See United States v. Fleming*, Crim. No. RDB-14-0400 (D. Md.).

[3] Fleming does not specify the damages or relief sought for the misconduct alleged in the Complaint.

hearing is deemed unnecessary. For reasons to follow, the Motion filed by Defendants Department of Public Safety and Correctional Services ("DPSCS"), Baltimore City Detention Center ("BCDC"), DPSCS Secretary Gary D. Maynard, Executive Director of the Maryland Commission on Correctional Standards Howard Ray, Jr., and BCDC Warden Ricky Foxwell, construed as a Motion for Summary Judgment,[4] will be GRANTED.[5]

## BACKGROUND

Fleming states that during a bail hearing he "had words with members of [a] gang called the Black Gorilla Family (BGC)." ECF 1 at p. 8. After his bail hearing, and despite concerns for his safety expressed by Sgt. Lucas, a female officer in the Intel Unit, he was moved from Central Booking to the "steel side" of BCDC. His safety concerns were ignored by Lt. Thomspon, who "walked away" while nine officers assaulted him before tossing Fleming into a cell. This incident occurred on or about November 12, 2013. *Id.* at pp. 8-9.[6]

---

[4] Because Defendants' Motion relies on extraneous materials, it is construed as a Motion for Summary Judgment. *See Finley Lines Joint Protective Bd. Unit 200 v. Norfolk So. Corp.*, 109 F.3d 993, 997 (4th Cir. 1997) ("[A] Rule 12(b)(6) motion to dismiss supported by extraneous materials cannot be regarded as one for summary judgment until the district court acts to convert the motion by indicating that it will not exclude from its consideration of the motion the supporting extraneous materials."); *see also Fisher v. Md. Dept. of Pub. Safety & Corr. Servs.*, Civ. No. JFM-10-0206, 2010 WL 2732334, at *3, 2010 U.S. Dist. LEXIS 68772, at *8-10 (D. Md. July 8, 2010). Fleming received notice that the Court might consider the Motion as one for summary judgment. *See* ECF 13; *see also Laughlin v. Metro. Wash. Airports Auth.*, 149 F.3d 253, 261 (4th Cir. 1998) ( district court "clearly has an obligation to notify parties regarding any court-instituted changes" in the posture of a motion, including conversion under Rule 12(d)).

[5] Fleming alleges that Assistant States Attorney Middleton was "suppose[d] to…handle" the prosecution of officers who assaulted him. ECF 1 at p. 10. Assuming a prosecution did not take place, Fleming cannot hold Middleton civilly liable. As an alleged crime victim, Fleming has no constitutional right to insist on criminal prosecution. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[I]n American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); *Sattler v. Johnson*, 857 F.2d 224 (4th Cir. 1988).

Fleming names BCDC Director Carolyn A. Atkins in his Complaint, stating only that Atkins "was aware of [his] situation and involve[d]." ECF 1 at p. 3. Fleming has failed to state a cognizable claim against Atkins, who will be dismissed without prejudice prior to service of process.

[6] This opinion references the pagination as it appears through the Court's electronic docketing system.

Fleming claims the second assault occurred in January of 2014 at the hands of fellow detainees while he was housed in protective custody following his transfer from the Jail to the Maryland Reception and Diagnostic Classification Center ("MRDCD").  He states he was then returned to BCDC and assaulted a third time by gang members on an unknown date while housed at BCDC's Women's Detention Center ("WDC").[7]  ECF 1 at pp. 10-11.

The five Defendants who have been served seek summary judgment in their favor on several grounds: they are not amenable to suit; they are not amenable to suit in in their official capacities; and they were not personally involved in the matters alleged.[8]

In his opposition response, Fleming does not respond to Defendants' arguments in support of their dispositive Motion.  Instead, he states he has witnesses to the incidents and requires appointment of counsel to assist in the development of his case.  ECF 15.

## DISCUSSION

### Standard of Review

Fleming was a pretrial detainee while detained at BCDC and MRDCC.  He alleges that those responsible for his well-being failed to protect him from harm from both fellow detainees and detention center employees who assaulted him without provocation.  The constitutional protections afforded a pretrial detainee as provided by the Fourteenth Amendment are co-extensive with those provided by the Eighth Amendment. *See Bell v. Wolfish*, 441 U.S. 520, 535 (1979).  "Due process rights of a pretrial detainee are at least as great as the eighth amendment protections available to the convicted prisoner." *Hill v. Nicodemus*, 979 F.2d 987, 991 (4th Cir. 1992), citin*g Martin v. Gentile*, 849 F. 2d 863, 870 (4th Cir. 1988).

---

[7] Despite its name, WDC houses both men and women, on alternating floors.  Defendants' Motion, ECF 12-1 at n. 3.

[8] Defendants Maynard, Foxwell and Ray also state that Fleming failed to exhaust available administrative remedies. ECF 12-1 at pp. 4-8.  In light of its other findings, the Court declines to examine this defense.

Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "A material fact is one 'that might affect the outcome of the suit under the governing law.' " *Spriggs v. Diamond Auto Glass*, 242 F.3d 179, 183 (4th Cir. 2001) (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)). Disputes of material fact are genuine if, based on the evidence, "a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. In order to avoid summary judgment, the nonmoving party " 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.' " *Bouchat v. Baltimore Ravens Football Club, Inc.,* 346 F.3d 514, 525 (4th Cir. 2003) (quoting Fed.R.Civ.P. 56(e)). While the Court must view the evidence in the light most favorable to the nonmoving party, *Francis v. Booz, Allen & Hamilton, Inc*., 452 F.3d 299, 302 (4th Cir. 2006), it must also "prevent factually unsupported claims and defenses from proceeding to trial." *Drewitt v. Pratt,* 999 F.2d 774, 778–79 (4th Cir. 1993) (internal quotation marks omitted). Against this legal standard, the Court examines Defendants' defenses and arguments.

1.      **Amenability to Suit**

At its core, a civil rights action under 42 U.S.C. § 1983 is directed to unlawful conduct under color of law. *See Owens v. Baltimore City State's Attorney Office*, 767 F.3d 379 (4th Cir. 2014). Section 1983 of 42 U.S.C. provides, in part:

> Every person who, under color of any statute, ordinance, regulation,
> custom, or usage, of any State or Territory or the District of Columbia,
> subjects, or causes to be subjected, any citizen of the United States or
> other person within the jurisdiction thereof to the deprivation of any
> rights, privileges, or immunities secured by the Constitution and laws,
> shall be liable to the party injured in an action at law, suit in equity, or
> other proper proceeding for redress. .            . .

Because they are sued under § 1983, Defendants BCDC and DPSCS are entitled to dismissal, because they are not "persons" subject to suit under 42 U.S.C. § 1983. *See West v. Atkins,* 487 U.S. 42, 48 (1988); *see also Clerk v. Md. Dep't of Public Safety and Corr. Services,* 316 Fed. Appx. 279 (4th Cir. 2009); *Austin v. Paramount Parks, Inc.,* 195 F.3d 715, 728 (4th Cir. 1999).

To the extent that Fleming names Defendants Maynard, Foxwell and Ray in their official capacities, these Defendants are immune from damages. *See Fed. Mar. Comm'n v. S. C. State Ports Auth.,* 535 U.S. 743, 760 (2002); *Brandon v. Holt*, 469 U.S. 464, 471-72 (1985) (citing *Monell v. New York Dept. of Soc. Serv.,*436 U.S. 658, 690 n. 55 (1978).

### 2.    Lack of Personal Involvement

Maynard, Foxwell and Ray also seek dismissal because the allegation against them – that they "were aware of [Fleming's] situation," ECF 21 at p. 3, is based solely on supervisory liability under the doctrine of respondeat superior.[9] This argument overlooks *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994), which allows a supervisor to be held liable where (1) the supervisor had actual or constructive knowledge that his subordinates were engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to another, (2) the supervisor's response to the knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices, and (3) there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

Nonetheless, nothing in the Complaint or opposition response implicates Maynard, Foxwell or Ray in the alleged assaults, or suggests any of these individuals had knowledge that

---

[9] *See, e.g., Love-Lane v. Martin,* 355 F.3d 766, 782 (4th Cir. 2004) (doctrine of *respondeat superior* does not apply in §1983 claims).

Fleming was in imminent danger.[10]   Thus, none of these Defendants can be held vicariously liable for the actions about which Fleming   complains.   Accordingly, they are entitled to summary judgment in their favor.

### CONCLUSION

For reasons set forth herein, Defendant Middleton is dismissed, and Defendant Atkins is dismissed without prejudice.   Summary judgment is entered in favor of Defendants DPSCS, BCDC, Foxwell, Maynard and Ray.   Defendants Fisher, DePree, and Thompson remain in the case but, before service of process is attempted, Fleming must file an Amended Complaint providing a more detailed, factual basis for his claims against them.   Fleming also must provide the name(s) of the nine officers who assaulted him, and complete United States Marshal service of process forms to assist the Clerk in obtaining service of process on these individuals.

Fleming's request for appointment of counsel (contained in ECF No. 15) shall be held in abeyance to permit him to file his Amended Complaint and service of process forms.   Fleming is forewarned that failure to comply with these requirements may result in a denial of appointment of counsel and dismissal of his Complaint.

A separate Order follows.

Date:_ October 18, 2016_____                    ____/s/_____
                                                        RICHARD D. BENNETT
                                                        UNITED STATES DISTRICT JUDGE

---

[10] Fleming's Administrative Remedy Procedure ("ARP") grievance to MRDCC Warden Fisher (ECF 15-1 at p. 3) and a letter allegedly sent to Fleming's family by fellow detainees Brad Carpeter and Maurice Wilkerson (*id.* at pp. 5-10) are insufficient to suggest Defendants Maynard, Foxwell and Ray had reason to know that Fleming feared for his safety.